**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 96-60541**
**Summary Calendar**

**VICTOR LEE ROSIER,**

**Petitioner,**

**VERSUS**

**UNITED STATES PAROLE COMMISSION,**

**Respondent.**

Appeal from the United States District Court
For the Northern District of Texas
18 USC 4106A

February 24, 1997

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

The Mexican Federal Judicial Police arrested Victor Lee Rosier, a United States Citizen, in Tijuana, Mexico, near the Ysidoro port of entry to the United States, when they found him parked in a van containing marijuana. The arrest occurred following a search of the vehicle Rosier was driving which discovered three tool-parts boxes holding 146.25 kilograms of marijuana. Rosier was convicted and sentenced in Mexico for

_____

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

possession of marijuana.  Pursuant to the Treaty on Executions of Penal Sentences, Nov. 25, 1976, U.S.-Mex., 28 U.S.T. 7399, T.I.A.S. No. 8718, Rosier was transferred to the United States to serve his sentence.

Upon transfer, the Parole Commission determined a release date and a period and conditions of supervised release for Rosier.  *See* 18 U.S.C. § 4106A(b)(1)(A).  At the transfer hearing, and in an interview with the probation officer, Rosier explained that Victor Vega, for whom he worked as a landscaper, asked him to help move the van to a friend's house.  Rosier stated that Vega promised to pay him a "certain amount of money" after the vehicle was delivered to his friend's house across the border.  Rosier explained to Mexican authorities that although he was never told that marijuana was in the van, he suspected this might be the case given the amount of money he was to be paid and that those persons involved had many weapons at their home and on their persons.  Rosier also explained to the Mexican authorities that he had received money for driving the van for "Victor N." on other occasions.

On October 6, 1994, Rosier and Vega crossed the border from California and entered Tijuana, Mexico, to retrieve the van.  Vega gave the keys to the van to Rosier and Rosier followed Vega to the friend's house, where Rosier was instructed to give the keys to Vega's friend.  Rosier parked the van at Vega's friend's house and delivered the keys.  Rosier was subsequently arrested.  Vega's friend identified Rosier as the driver of the van.  Mexican

authorities convicted and sentenced Rosier to five years imprisonment.

After his transfer to the United States, the probation officer calculated Rosier's base offense level at 26 by using the United States federal offense of possession of marijuana with intent to distribute, 21 U.S.C. § 841(b)(1)(B), which was the offense most analogous to Rosier's criminal offense in Mexico. *See* 18 U.S.C. § 4106A(b)(1)(A).

At his transfer hearing, Rosier requested a downward adjustment for a "minor" or a "minimal" role contending that he was no more than "a mule, perhaps even an unwitting mule." The Parole Commission determined that Rosier's sentence should be adjusted downward for his "minor" role in the offense, stating that "[h]e clearly fits the profile of a mule and according to the testimony was not even aware that drugs were involved, although he did suspect that they may in some way be involved." A base offense level of 24, with the minor role reduction, combined with Rosier's criminal history category of II, resulted in a guideline imprisonment range of 57-71 months.

Rosier appeals from the Parole Commission's decision, contending that the Parole Commission clearly erred when it reduced his sentence for a "minor" role in the offense instead of applying the guideline reduction for his "minimal" role, which carries a greater downward reduction. Assuming Rosier raised this issue

below,[1] we review the Commissioner's determination under the sentencing guidelines de novo. *See **Molano-Garcia v. United States Parole Comm'n***, 965 F.2d 20, 23 (5th Cir. 1992). We review the Parole Commission's factual findings for clear error. *See **Id.***

The United States Sentencing Guidelines[2] distinguish between a "minor" and "minimal" participant in the commentary, noting that minimal status is "intended to cover defendants who are plainly among the least culpable ... [and a] defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." *See* U.S.S.G. § 3B1.2, comment. (n.1). The commentary further states that the "downward adjustment for a minimal participant will be used unfrequently" and provides an example of a one-time courier recruited to smuggle a small amount of drugs as an appropriate candidate for minimal participant status. U.S.S.G. § 3B1.2, comment. (n.2). A "minor" participant, on the other hand, is described as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.3).

Whether to apply the "minor" or the "minimal" adjustment to a sentence involves a determination that is heavily dependent upon the facts of the particular case. An offender's status as a mere courier does not necessarily mean that he is entitled to a

---

[1] The Parole Commission contends that Rosier failed to object to his sentence below and raises this objection for the first time on appeal.

[2] U.S.S.G. § 3B1.2.

reduction in sentence. *See, e.g.,* **United States v. Bethley**, 973 F.2d 396, 401 (5th Cir. 1992) (holding that a transporter of drugs is not entitled to a minor or minimal participant status).

After carefully reviewing the briefs, the record excerpts and relevant portions of the record itself, we hold that the Parole Commission did not err in applying the "minor" participant departure rather than the "minimal" participant departure in this case. Rosier admitted to Mexican authorities that he had driven the vehicle on other occasions and that he was paid large sums of money for doing so. He also admitted that he suspected that drugs were in the van. Rosier cannot, therefore, reasonably assert that he lacked knowledge or understanding of the enterprise to the degree necessary to support a reduction as a minimal participant. For the foregoing reasons, we **AFFIRM** the decision of the Parole Commission.

**AFFIRMED**.