# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 99-60091
Summary Calendar

---

CRAIG MARTIN WOLFF,

Petitioner,

versus

UNITED STATES PAROLE COMMISSION,

Respondent.

---

Appeal from the Determination of the
United States Parole Commission
(98-0777-MC)

---

August 24, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Petitioner, Craig Martin Wolff, appeals the United States Parole Commission's ("USPC")

release-date determination.  Wolff is a federal prisoner who was transferred to the United States

to continue a sentenced imposed by a Mexican court for attempted kidnapping.

Wolff argues that the USPC erred in determining that his attempted kidnapping conviction

in Mexico was most similar to the United States Sentencing Guidelines ("U.S.S.G.") offense for

kidnapping.  *See* 18 U.S.C. § 4106A(b)(1)(A).[1]  Wolff specifically contends that because he was

---

[*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]   18 U.S.C. § 4106A(b)(1)(A) provides:
The United States Parole Commission shall, without unnecessary delay, determine a release date and a period and conditions of supervised release for an offender transferred to the United States to serve a sentence of imprisonment, as though the offender were convicted in a United States district court of a similar offense.

convicted for attempted kidnapping, the USPC should have applied U.S.S.G. § 2X1.1(b)(1) to its calculation of his release date.[2]

We review the USPC's release date determination under the U.S.S.G. *de novo*. *See Rosier v. United States Parole Comm'n*, 109 F.3d 212, 214 (5th Cir. 1997). After reviewing the record, we conclude that Wolff "was about to complete" the kidnapping, but was interrupted by an event beyond his control. U.S.S.G. § 2X1.1(b)(1). Accordingly, U.S.S.G. § 2X1.1(b)(1) does not apply and the USPC did not err in rating Wolff's offense.

Wolff also argues that the USPC errred in adjusting Wolff's criminal history category from level III to level VI. We will affirm the USPC's upward departure if we find that the USPC has offered "acceptable reasons" for the departure and the departure is reasonable. *See United States v. Pennington*, 9 F.3d 1116, 1118 (5th Cir. 1993). When making an upward departure, the USPC should "consider each intermediate criminal history category before arriving at the sentence it settles upon." *United States v. Lambert*, 984 F.2d 658, 662 (5th Cir. 1993) (en banc). The USPC also "should explain why the criminal history category as calculated under the guidelines is inappropriate and why the category it chooses is appropriate." *Id*. at 662-63.

In this case, the USPC clearly explained why it considered an upward departure and also why it believed a criminal history category less than level VI inappropriate. We conclude that the USPC's upward departure was reasonable. Accordingly, the USPC did not err.

For the foregoing reasons, we AFFIRM the USPC's release-date determination.

---

[2]   U.S.S.G. § 2X1.1(b)(1) provides:
     If an attempt, decrease by 3 levels, unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control.