IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40987
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN MARK ROUSSET,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:98-CR-14-1
_____

February 24, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Rousset pleaded guilty to possession with intent to distribute marijuana, reserving his right to appeal the district court's denial of his motion to suppress. He appeals the district court's denial of that motion, and we AFFIRM.

The arresting officer's discovery of marijuana in Rousset's vehicle began with a traffic stop for failure to wear a seat belt. The officer testified that he stopped Rousset for failure to wear a seat belt, and the court found that the officer stopped Rousset for that reason. Rousset argues that the district court erred in

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

finding the arresting officer's testimony plausible because he could not have believed Rousset was not wearing a seatbelt under the conditions in which he observed Rousset.  We review questions of law on a motion to suppress *de novo*, and we review findings of fact for clear error.  *See United States v. Carillo-Morales*, 27 F.3d 1054, 1060-61 (5th Cir. 1994).  We consider the evidence in a light most favorable to the prevailing party.  *See United States v. Nichols*, 142 F.3d 857, 866 (5th Cir. 1998).

A traffic stop must be justified under the Fourth Amendment at its inception, and the scope of the officer's actions must be reasonably related to the facts that led to the stop.  *See United States v. Shabazz*, 993 F.2d 431, 435 (5th Cir. 1993).  An officer must have an articulable and reasonable suspicion of criminal activity to justify a traffic stop.  *See United States v. Harrison*, 918 F.2d 469, 472 (5th Cir. 1990).  The arresting officer testified at the suppression hearing that he stopped Rousset because he saw that Rousset was not wearing a seatbelt.  Driving without a seatbelt is a violation of Texas law and officers are authorized to arrest violators.  *See United States v. Castro*, 166 F.3d 728, 732 n.5 (5th Cir. 1999)(en banc).  Rousset was traveling east on an interstate highway, and the officer was traveling in the opposite direction on the other side of the highway.  The median was 35 to 40 feet wide.  Rousset was wearing his seat belt when the officer approached the car.

On viewing Rousset's license and the car's registration, the officer found that the car was rented, and as Rousset turned to

2

find the rental agreement, the officer smelled marijuana in the vehicle through the open driver's side window. The odor of marijuana emanating from a vehicle can establish probable cause to search the vehicle for contraband. *See United States v. Thomas*, 12 F.3d 1350, 1366 (5th Cir. 1994).

The officer noted that Rousset appeared nervous. He asked Rousset if he could search the trunk of the car. Rousset refused to consent to a search of the vehicle. The officer's dog alerted on the trunk. A dog sniff of a vehicle is not a search for purposes of the Fourth Amendment. *See United States v. Mendez*, 27 F.3d 126, 129 n.4 (5th Cir. 1994). A drug-sniffing dog's alert can establish probable cause for a search. *See United States v. Zucco*, 71 F.3d 188, 192 (5th Cir. 1995). The officer opened the trunk and found 305 pounds of marijuana.

Rousset argues that the district court should not have credited the officer's testimony that he stopped Rousset for failure to wear a seat belt. The two were traveling on opposite sides the interstate, Rousset wore dark clothing, and the dashboard and steering wheel were in front of Rousset. Under these conditions, Rousset claims, the officer could not possibly have seen whether Rousset wore a seat belt. Rousset had a private investigator videotape a reenactment of the highway conditions to prove the officer could not have seen whether Rousset wore a seat belt. Rousset also questions whether the officer could have smelled marijuana through the driver's window when he was using

chewing tobacco and notes that the dog alerted on the trunk rather than the passenger compartment.

Rousset would have us find that the officer's testimony that he stopped Rousset for failure to wear a seat belt was implausible, but we decline to do so. We are unpersuaded that the district court's finding that Rousset was not wearing a seat belt when the officer decided to stop him was clearly erroneous.

Rousset argues that the district court erroneously believed that it was required to find the officer's testimony credible under *United States v. Castro*, 166 F.3d 728 (5th Cir. 1999)(en banc). In its orally presented findings of fact and conclusions of law, the court stated that it found the officer's testimony more credible than Rousset's evidence. The court likened its situation to that of the district court in *Castro*. The transcript shows that the court did not consider itself obligated to accept the officer's version of events, and Rousset's argument to the contrary is unsupported by the record.

AFFIRMED.