IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40458
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN ROY ETHRIDGE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CR-29-ALL
--------------------
March 1, 2000

Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

John Roy Ethridge appeals the district court's denial of his motion to suppress the marijuana found in his van during a traffic stop and his nonverbal response to the officer's question whether the officer smelled marijuana after opening the passenger side door of the van. Ethridge argues that he did not violate Texas Transportation Code Ann. § 545.060 and there was no basis for the traffic stop; that the officer exceeded the scope of Ethridge's consent by opening the passenger side door; that the district court should have determined whether Ethridge's consent was an

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

independent act of free will unrelated to the stop because the stop was unjustified; and that, when Ethridge nodded affirmatively to the officer's question whether the smell emanating from the van was marijuana, Ethridge was in custody, and the response was inadmissible because he had not yet been given Miranda[2] warnings.

The evidence at the suppression hearing revealed that the officers observed Ethridge's van stray over the right shoulder line three times in a mile distance. Even if strong winds had made Ethridge's control of the van difficult, the officers were not unjustified for stopping Ethridge for being in violation of § 545.060. See United States v. Zucco, 71 F.3d 188, 189-90 (5th Cir. 1995). Because the stop was justified, we need not determine whether Ethridge's consent was an independent act of free will. See United States v. Chavez-Villarreal, 3 F.3d 124, 127-28 (5th Cir. 1993).

Ethridge gave the officer permission to look at a U-Haul box in the van, and Ethridge unlocked the doors to the van with the automatic lock while he was standing at the driver side door of the van. The officer did not exceed the scope of the consent by opening the passenger side door upon hearing the door unlock. See United States v. Stewart, 93 F.3d 189, 192 (5th Cir. 1996); United States v. Rich, 992 F.2d 502, 505-06 (5th Cir. 1993). Ethridge's response to the officer's question whether he smelled marijuana was not given while Ethridge was in custody for Miranda purposes. See United States v. Bengivenga, 845 F.2d 593, 596-600 (5th Cir. 1988).

AFFIRMED.

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).