IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40903
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DON SLONE, also known as Donald Jay Conrad,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-99-CR-54-1
--------------------
March 17, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Don Slone appeals from the judgment entered after he was convicted at a bench trial of possessing cocaine with the intent to distribute it. Slone challenges only the district court's denial of a motion to suppress evidence that was gathered after a traffic stop. Our review of the record and the parties' arguments convinces us that the district court did not err in denying Slone's motion.

Slone argues that the traffic stop was unjustified. Because the officer observed Slone's vehicle veer twice onto the shoulder

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the highway, however, he had reasonable suspicion to believe that Slone had violated § 545.060(a) of the Texas Transportation Code. See United States v. Zucco, 71 F.3d 188, 190 (5th Cir. 1995). This is not a situation like Hernandez v. State, 983 S.W.2d 867, 871-72 (Tex. App. 1998, pet. ref'd), in which the officer had observed no unsafe movement by the driver. In contrast, the officer who stopped Slone saw him "jerk[] back" into his lane after he veered onto the shoulder for a second time.

Slone argues that the officer unreasonably enlarged the scope of the traffic stop. We agree with the district court, though, that the questions asked by the officer were related to the original purpose of the stop and were in no way excessive. See United States v. Shabazz, 993 F.2d 431, 436 (5th Cir. 1993).

Slone argues that the district court erred in finding that he had consented to the search of his vehicle. However, the canine sweep of Slone's vehicle was not a search, and it did not implicate the Fourth Amendment. United States v. Seals, 987 F.2d 1102, 1106 (5th Cir. 1993). Once the dog alerted to the presence of narcotics, the officer had probable cause to conduct a search of Slone's vehicle. Id. at 1106-07. Furthermore, Slone has shown no clear error in the district court's conclusion that he voluntarily consented to remain long enough for the officer to conduct the canine sweep. See Shabazz, 993 F.2d at 438.

AFFIRMED.