IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11411
Summary Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

        versus


JUAN JOSÉ PADILLA,

                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CR-114-2-Y

_____

September 7, 2000


Before GARWOOD, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM[*]:

        Juan José Padilla appeals his conviction following a
conditional guilty plea to possession with intent to distribute
cocaine.  Padilla argues that the district court erred when it
denied his motion to suppress cocaine seized from his car after a
traffic stop.  The testimony at the evidentiary hearing indicates
that the information available to the officers gave them reasonable

_____

        [*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suspicion to think that Padilla was dealing cocaine.  Thus, the officers had reasonable suspicion to make a traffic stop under *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968), thereby detaining Padilla until that suspicion could be confirmed or refuted.  *United States v. Shabazz*, 993 F.2d 431, 435 (5th Cir. 1993).

Padilla contends that the length of time–approximately forty-five minutes–between the initial stop and the arrival of the dog transformed the *Terry* stop into a full-blown arrest without probable cause.  Padilla's detention lasted no longer than necessary to effect the purpose of the stop–to identify the package Garcia had left with from the Schwartz house.  *United States v. Sharpe*, 105 S.Ct. 1568 (1985); *United States v. Zukas*, 843 F.2d 179, 182 (5th Cir. 1988).  Once the dog alerted to the car, the officers had probably cause to arrest Padilla.  *See United States v. Zucco*, 71 F.3d 188, 191-92 (5th Cir. 1995).

Padilla argues that the district court should not have admitted as expert testimony the testimony of Officer Tebay, one of the officers who participated in his surveillance.  Padilla did not specify this as an issue for appeal in his conditional guilty plea. The issue is, therefore, waived.  *United States v. Wise*, 179 F.3d 184, 186 (5th Cir. 1999).

AFFIRMED.