IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 99-11410
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL GARCIA,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CR-114-1-Y

---

September 11, 2000

Before GARWOOD, HIGGINBOTHAM, and PARKER, Circuit Judges.

PER CURIAM[*]:

Miguel Garcia appeals the district court's denial of his motions to suppress evidence and his motion to exclude expert testimony. Garcia entered a conditional guilty plea, reserving the right to appeal the district court's denial of these motions. Garcia argues that law enforcement officials did not have sufficient reasonable suspicion to justify an investigatory stop of

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the vehicle in which Garcia was a passenger; he also argues that the length of the detention was unreasonable and became a full-blown arrest without probable cause. A review of the evidence presented indicates that the officers had reasonable suspicion to stop the vehicle based on the tip from a previously reliable informant and based on the officers' surveillance which corroborated the confidential informant's tip. The approximately forty-five minute detention of the vehicle was not unreasonable as the officers "diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant." *United States v. Sharpe*, 470 U.S. 675, 686 (1985). The alert by the narcotics dog then provided probable cause to search the vehicle. *See United States v. Zucco*, 71 F.3d 188, 191-92 (5th Cir. 1995).

Garcia argues that the district court abused its discretion in denying his motion to exclude Sergeant H.G. Tebay's testimony as unqualified under Rule 702 of the Federal Rules of Evidence. He also argues that Sergeant Tebay's testimony would have violated Rule 704 which prohibits an expert from testifying concerning a defendant's mental state. The district court did not abuse its discretion in denying Garcia's motion to exclude Sergeant Tebay's testimony because he was an experienced narcotics investigator who had knowledge concerning how the drug distribution business operates which would have assisted the jury. *See United States v.*

*Washington*, 44 F.3d 1271, 1283 (5th Cir. 1995).  Further, such testimony would not have violated Rule 704 as the testimony could be considered an analysis of the evidence.  *See United States v. Speer*, 30 F.3d 605, 609-10 (5th Cir. 1994).

AFFIRMED.