IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60912
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL CLARK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:99-CR-94-1-P

_____

August 22, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Michael Clark appeals from his conviction based on his conditional guilty plea for possession with intent to distribute cocaine base. He argues that the district court erred in denying his motion to suppress evidence allegedly seized in violation of his Fourth Amendment rights.

Because the district court did not make factual findings as required by Fed. R. Crim. P. 12(e) following the hearing on the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion to suppress, we review the record to determine whether any reasonable view of the evidence supports the district court's decision, looking particularly to the testimony and other evidence presented at the suppression hearing.[1]  A traffic stop constitutes a permissible *Terry* stop if the officer's action was justified at its inception and the detention was reasonably related in scope to the circumstances that justified the interference in the first place.[2]  A review of the evidence presented at the evidentiary hearing indicates that the initial stop of Clark's vehicle was based on the officers' observation that the vehicle had no inspection sticker and that the vehicle made an improper lane change without using a turn signal.  Therefore, the initial stop of the vehicle for traffic violations was justified at its inception.[3] It was also permissible for Officer Jeff Cunningham to require Clark and his passenger to exit the vehicle during the stop and to question Clark while Officer Harrison Cook obtained a computer check of Clark's driving record.[4]

---

[1] *United States v. Paige*, 136 F.3d 1012, 1017 (5th Cir. 1998); *United States v. Schinnell*, 80 F.3d 1064, 1067 & n.4 (5th Cir. 1996).

[2] *United States v. Jones*, 234 F.3d 234, 240 (5th Cir. 2000); *United States v. Zucco*, 71 F.3d 188, 190 (5th Cir. 1995).

[3] *See Whren v. United States*, 517 U.S. 806, 810 (1996); *United States v. Shabazz*, 993 F.2d 431, 435 (5th Cir. 1993).

[4] *United States v. Ibarra-Sanchez*, 199 F.3d 753, 761 (5th Cir. 1999); *Shabazz*, 993 F.2d at 437 n.7.

Clark was detained, however, even after Officer Cunningham received a report from the computer check and beyond the time necessary to issue citations based on the lack of an inspection sticker and the improper lane change.  Absent other grounds of reasonable suspicion for extending Clark's detention, Officer Cunningham's questioning about the presence of drugs in the vehicle while maintaining control of Clark's identification card would violate the Fourth Amendment.[5]  However, Officer Cunningham also testified that he observed that, when the passenger, Therion Clark, saw the police car, Therion reached into the back seat to get a jacket and then leaned forward, dropping his shoulder as if to retrieve or hide something under the front passenger seat.  Officer Cunningham testified that these actions made him suspicious that the passenger was reaching for or hiding something.  These suspicious movements, taken before the officers detained the occupants of the vehicle, created a reasonable suspicion that justified the further detention of Clark in order to question him about the presence of drugs in the vehicle and to ask for consent to search the vehicle.[6]  Officer Cunningham testified that Clark's consent to search the vehicle was obtained within approximately ten

---

[5]  *Jones*, 234 F.3d at 241; *United States v. Dortch*, 199 F.3d 193, 198-200 (5th Cir. 1999), *revised on other grounds on denial of rehearing*, 203 F.3d 883 (5th Cir. 2000); *see also Shabazz*, 993 F.2d at 436-37.

[6]  *See United States v. Watson*, 953 F.2d 895, 897 (5th Cir. 1992).

minutes of the initial stop.  Under such circumstances, Clark has not shown that the stop, his removal from the vehicle, and his detention for investigation exceeded the scope of a permissible *Terry* stop.[7]

Clark argues that his consent to search the vehicle was vitiated by his illegal detention.  We have already held that Clark was not illegally detained and so do not address this argument.[8]

Clark also argues that his consent was limited to a search of the trunk and so, by searching the passenger compartment, Officer Cunningham exceeded the permissible scope of the consent search. A consent to search a vehicle may be limited or qualified by the person consenting, and the officers must then conform to the limits or conditions placed upon the right granted to search.[9]  A reasonable view of the evidence, however, shows that Clark consented to a search of the vehicle, including the passenger compartment.  Officer Cunningham asked permission to search the vehicle, and Clark consented but asked to stay with Officer Cunningham during the search.  Officer Cunningham explained that Clark could not stay with him during the search for "officer safety

---

[7] *See Terry v. Ohio*, 392 U.S. 1, 19 (1968); *Zucco*, 71 F.3d at 191.

[8] *See United States v. Navarro*, 169 F.3d 228, 231-32 (5th Cir. 1999).

[9] *Florida v. Jimeno*, 500 U.S. 248, 252 (1991); *United States v. Ho*, 94 F.3d 932, 936 n.5 (5th Cir. 1996).

4

reasons" and again asked Clark for permission to search the vehicle. Officer Cunningham further advised Clark that he did not have to allow the search of the vehicle. Officer Cunningham testified that Clark then stated that the officer could search the car, and Clark was allowed to watch the search from the rear of the vehicle. A reasonable view of the record reveals that a typical reasonable person would have understood from the exchange between Officer Cunningham and Clark that Clark consented to the search of the passenger compartment.[10] Furthermore, at the time Clark consented to the search, he was not under arrest, and the record contains no evidence that the police officers coerced Clark in any way. Clark cooperated with the officers, provided his identification card, and answered questions asked of him. A review of the evidence thus indicates that Clark voluntarily consented to a search of the vehicle and that the search did not exceed the scope of the consent.[11] Clark has not shown that the district court erred in denying his motion to suppress the evidence seized during the search of the vehicle.

Clark also argues that the district court erred in determining that he was not a minimal participant in the offense for purposes of a reduction under U.S.S.G. § 3B1.2. The defendant bears the

---

[10] *Jimeno*, 500 U.S. at 251; *United States v. Rich*, 992 F.2d 502, 505, 507 (5th Cir. 1993).

[11] *Navarro*, 169 F.3d at 231; *United States v. Kelley*, 981 F.2d 1464, 1470 (5th Cir. 1993); *Shabazz*, 993 F.2d at 438-39.

burden of proving his role as a minimal participant in the offense by a preponderance of the evidence.[12]  Whether Clark was a minimal participant entitled to a four-level reduction pursuant to U.S.S.G. § 3B1.2(a) is a factual determination that we review only for clear error.[13]  This Circuit's case law holds that a defendant is not automatically entitled to a minimal participation reduction simply because, like Clark, he is a drug courier.[14]  The commentary to section 3B1.2 makes clear that a defendant's lack of knowledge or understanding of the activities of others is indicative of a role as minimal participant.[15]  Clark acknowledged that he had knowledge that his passenger, Therion, had possession of the cocaine base, and Clark knowingly provided transportation to Therion to enable him to deliver the cocaine base.  Although there was no direct evidence that Clark was paid for providing the transportation, police officers found 3.6 grams of marijuana and 8.57 grams of cocaine base in Clark's jacket in the vehicle.  The commentary to U.S.S.G. § 3B1.2 provides as an example of a minimal participant in a drug offense an individual was recruited as a courier for a

---

[12]  *United States v. Brown*, 54 F.3d 234, 241 (5th Cir. 1995).

[13]  *United States v. Becerra*, 155 F.3d 740, 757 (5th Cir. 1998).

[14]  *Rosier v. United States Parole Comm'n*, 109 F.3d 212, 214 (5th Cir. 1997); *United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989).

[15]  U.S.S.G. § 3B1.2, cmt. n.1 (1998).

6

single smuggling transaction involving a small amount of drugs.[16] While Clark may have been a courier for only a single drug transaction, the transaction involved a large amount of cocaine base, 261.91 grams.  On the facts in the record before us, the district court did not err in determining that Clark was not a minimal participant in the offense under section 3B1.2.

AFFIRMED.

---

[16]  *Id.* § 3B1.2, cmt. n.2.