IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-20187
Summary Calendar
_____

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

　　　　　　　　versus

JOSE GARZA,

　　　　Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-646
_____

October 24, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jose Garza was convicted of possession with intent to distribute 50 grams or more of cocaine base. He appeals the district court's denial of his motion to suppress the cocaine base discovered at his apartment after a consensual search of his car, which he was driving when stopped, revealed no contraband.

In reviewing the denial of the defendant's motion to suppress, we review the district court's factual findings for clear error and

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

its legal conclusions *de novo*.[1] "We view the evidence in the light most favorable to the party that prevailed in the district court," here the government.[2] When reviewing the district court's denial of the defendant's motion to suppress, we may consider the evidence admitted at both the suppression hearing and the trial.[3]

A stop of a vehicle suspected of transporting drugs constitutes a permissible *Terry* stop if the officer's action was justified at its inception and the detention was reasonably related in scope to the circumstances that justified the interference in the first place.[4] Garza does not contest the district court's finding that, based on the confidential source's information, the Houston Police Department had the requisite reasonable suspicion for stopping him and questioning him with regard to his suspected drug dealings. Thus, he admits that the initial stop of his car and his initial detention were justified at their inception. Garza also does not challenge the voluntariness of his consent to search his car. He argues, however, that the requirement that the detention be reasonably related in scope to the circumstances that

---

[1] *United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001).

[2] *United States v. Hunt*, 253 F.3d 227, 230 (5th Cir. 2001).

[3] *United States v. Jones*, 239 F.3d 716, 718 (5th Cir.), *cert. denied*, No. 00-10498, 2001 WL 650688 (U.S. Oct. 1, 2001).

[4] *United States v. Jones*, 234 F.3d 234, 240 (5th Cir. 2000); *United States v. Zucco*, 71 F.3d 188, 190 (5th Cir. 1995).

2

justified the initial interference was blatantly violated by his continued detention after a search of his car revealed no contraband and by the subsequent search of his apartment, to which he consented.

In assessing whether a detention is too long in duration to be justified as an investigative stop, it is appropriate to examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant.[5]  Our review of the record shows that Garza's continued detention was not unreasonable in light of the developing situation.[6]  Officer Dennis Nelius testified that he continued questioning Garza after the search of Garza's car because he believed, based on over $12,000 in cash found during the search of Garza's partner's vehicle, that he had stopped Garza too soon, *i.e.*, before Garza's car was loaded with narcotics which might still be at Garza's apartment.  There was therefore an ongoing justification for detaining Garza for a continuing investigation of Garza's drug trafficking based on a reasonable suspicion that narcotics were present in Garza's apartment.  The district court did not clearly err in finding that the duration of the investigative detention was not unreasonably

---

[5]  *United States v. Sharpe*, 470 U.S. 675, 685 (1985); *United States v. Campbell*, 178 F.3d 345, 349-50 (5th Cir. 1999).

[6]  *See Sharpe*, 470 U.S. at 688; *Campbell*, 178 F.3d at 350.

lengthy and did not extend beyond the scope of the circumstances that justified the initial stop and detention.

Garza also argues that his consent to search his apartment was vitiated by his illegal detention. We have already held that Garza was not illegally detained and so do not address this argument.[7]

To the extent that Garza argues that his consent to search his apartment was not voluntary, this argument is unavailing as well. "The voluntariness of consent is a question of fact to be determined from a totality of the circumstances," and we review the district court's finding of voluntariness for clear error.[8] "'Where the judge bases a finding of consent on the oral testimony at a suppression hearing, the clearly erroneous standard is particularly strong since the judge had the opportunity to observe the demeanor of the witnesses.'"[9] This court considers six factors in evaluating the voluntariness of consent to search, all of which are relevant, but no one of which is dispositive or controlling.[10]

Although the first factor, voluntariness of the defendant's custodial status, militates against voluntariness because Garza was

---

[7] *See United States v. Navarro*, 169 F.3d 228, 231-32 (5th Cir.), *cert. denied*, 528 U.S. 845 (1999).

[8] *United States v. Cooper*, 43 F.3d 140, 144 (5th Cir. 1995).

[9] *United States v. Kelley*, 981 F.2d 1464, 1470 (5th Cir. 1993) (quoting *United States v. Sutton*, 850 F.2d 1083, 1086 (5th Cir. 1988)).

[10] *Id.*

4

not free to leave, the remaining factors, especially Garza's admission that he had cocaine at his apartment, indicates that his consent was voluntary. Based on the district court's specific findings as to each of the six factors, and considering the evidence as a whole, we conclude that the district court's ultimate finding, that Garza voluntarily consented to the search, was not clearly erroneous or influenced by an incorrect view of the law. AFFIRMED.