United States Court of Appeals
Fifth Circuit

**F I L E D**

February 10, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-40867
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMY JOSEPH CARRON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CR-90-2
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jeremy Joseph Carron appeals his conviction for possession with intent to distribute crack cocaine. He argues that the district court erred in denying him standing to assert his Fourth Amendment rights in the home of his co-defendant, Todd Broussard; that the district court erred in finding that Broussard voluntarily consented to the search of his home; and that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erred in finding that the search warrant issued on Broussard's home was valid.

We assume <u>arquendo</u>, without deciding, that Carron had a legitimate expectation of privacy in Broussard's home and, therefore, that he has standing to challenge the constitutionality of the search. See <u>United States v. Wilson</u>, 36 F.3d 1298, 1302 (5th Cir. 1994). We hold, however, that the district court's factual findings that Broussard consented to the search of his residence and, under the totality of the circumstances, that his consent was voluntarily given were not clearly erroneous. See <u>United States v. Randall</u>, 887 F.2d 1262, 1265 (5th Cir. 1989); <u>United States v. Zucco</u>, 71 F.3d 188, 191 (5th Cir. 1995).

Because we find that Broussard consented to the search of his residence, we do not address the issue of whether the search warrant was valid.

AFFIRMED.