United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 6, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40062
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ANTHONY LAMAR POINTER,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CR-83-1
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

    Anthony Lamar Pointer appeals from his conditional guilty plea to possession with intent to distribute cocaine, wherein he reserved his right to appeal the denial of his motion to suppress. Pointer argues that the warrantless search of the vehicle he was driving violated his Fourth Amendment rights because he was detained beyond the scope of the initial traffic stop and, additionally, his consent to search the vehicle was involuntary. We review the district court's factual findings for

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clear error and its legal conclusions de novo.  United States v. Cantu, 230 F.3d 148, 150 (5th Cir. 2000).

Sgt. Greg Fountain's questioning of Pointer regarding facts unrelated to the initial traffic stop prior to initiation of the computer check of Pointer's license was not a per se Fourth Amendment violation.  See United States v. Brigham, 382 F.3d 500, 507-08 (5th Cir. 2004) (en banc).  Moreover, Fountain's discovery during the legitimate questioning of Pointer and his passenger, Pechoka Sanders, of specific facts that supported a reasonable suspicion of criminal activity rendered the length of the detention reasonable under the circumstances to resolve such suspicion.  See id. at 511-12.

With regard to Pointer's consent to the search of the vehicle, the district court's finding that Pointer's consent was voluntarily was not clearly erroneous in light of the record as a whole.  United States v. Zucco, 71 F.3d 188, 191 (5th Cir. 1995).  Even if it is assumed arguendo that the district court erred in finding that Pointer's custodial status weighed in favor of a finding of voluntariness, no one factor is determinative, and the district court's findings that an absence of coercive police tactics, Pointer's cooperation, and his education and intelligence weighed in favor of a finding of voluntariness were not clearly erroneous.  See United States v. Dortch, 199 F.3d 193, 201 (5th Cir. 1999).

AFFIRMED.