United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2007**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

m 06-50287

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ELIEL PENA,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
m 05-CR-417

Before HIGGINBOTHAM, SMITH, and
DEMOSS, Circuit Judges.

PER CURIAM:[*]

Eliel Pena appeals the denial of his motion to suppress evidence found by a highway patrolman during a traffic stop and search of his truck. We affirm.

I.

Texas Department of Public Safety officer Patrick Davis conducted a traffic stop of Pena's truck for failing to maintain a single lane of traffic. During the stop, Davis obtained Pena's consent to search the truck and discovered twenty-one bundles of marihuana hidden inside a converted L-shaped fuel tank. Pena was arrested and charged with possession of,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with intent to distribute, more than 100 kilograms and less than 1000 kilograms of marihuana in violation of 21 U.S.C. § 841.

Pena filed a motion to suppress and argued that the initial stop was unconstitutional. At the suppression hearing, the government played a video of the stop showing Pena's vehicle crossing the shoulder line several times. Davis testified that he saw Pena cross the shoulder line several times before he activated the camera. Davis said this manner of driving posed a danger to the driver and other vehicles and could be caused by many things, such as sleepiness, intoxication, medication, or mechanical difficulties. He perceived Pena's driving to be a traffic violation, and that was the sole reason for initiating the stop. The district court denied the motion to suppress, and Pena subsequently entered a plea of guilty conditioned on his right to appeal the denial of the motion.

## II.

Pena argues that the initial stop was unconstitutional; he concedes that, if the stop was justified, the search was proper. We review the district court's factual findings for clear error and its legal conclusions, including the ultimate conclusion as to the constitutionality of the law enforcement action, *de novo*. *See United States v. Jones*, 185 F.3d 459, 462 (5th Cir. 1999). The stop was constitutional.

We analyze traffic stops under *Terry v. Ohio*, 392 U.S. 1 (1968). *See United States v. Santiago*, 310 F.3d 336, 340 (5th Cir. 2002). "[L]imited searches and seizures are not unreasonable when there is a reasonable and articulable suspicion that a person has committed a crime." *Id.* (citing *Terry*, 392 U.S. at 21). We consider two factors when evaluating the reasonableness of a traffic stop: (1) whether the stop was justified at its inception; and

(2) whether the officer's actions were reasonably related in scope to the circumstances that justified the interference. *United States v. Sanchez-Pena*, 336 F.3d 431, 437 (5th Cir. 2003). Pena concedes that Davis's actions were reasonably related to his stated reason for initiating the stop, so the second prong is satisfied as long as the first is as well.

Davis testified that he stopped Pena for failing to maintain a single lane of traffic in violation of TEX. TRANSP. CODE § 545.060(a).[1] The elements of this traffic violation are (1) a person (2) drives or operates (3) a motor vehicle (4) within a single marked lane, and (5) moves from that lane without ascertaining that such movement can be made with safety. *Aviles v. State*, 23 S.W.3d 74, 77 (Tex. App. SSHouston [14th Dist.] 2000, pet. ref'd). Although Pena concedes that his truck swerved across the shoulder line several times, he claims that Davis's suspicion was unreasonable, because Pena did not drive in an unsafe manner.

Although Pena cites a number of Texas cases failing to find a violation of § 545.060(a) where a driver's behavior did not endanger the safety of others, we need not address that caselaw, because regardless of whether Pena violated the statute, Davis was reasonable in his belief that a violation had occurred. "The issue . . . is not whether Defendant actually violated the statute, but whether it was reasonable for the [the officer] to believe that he had violated it." *United States v. Ramirez,* 213 F. Supp. 2d 722, 724 (S.D. Tex. 2002). In

---

[1] "An operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely."

*United States v. Zucco*, 71 F.3d 188 (5th Cir. 1995), we upheld a traffic stop where officers saw a vehicle veer onto the shoulder at least three times.[2]  Accordingly, Davis had reasonable suspicion that a provision of the Texas Transportation Code had been violated and was justified in stopping Pena's vehicle.  Because Pena concedes that the search was constitutional if the stop was justified, the district court correctly denied the motion to suppress.

AFFIRMED.

---

[2] *Zucco*, 71 F.3d at 190 ("This driving arguably was a violation of [TEX. TRANSP. CODE § 545.-060].  The stop was justified and the first prong of the *Terry* analysis is satisfied.").  *See also United States v. Cosby*, 32 Fed. Appx. 129 (5th Cir. 2002) ("From the automobile's weaving it could be inferred that the driver failed to safely maintain a single traffic lane in violation of 545.060(a) of the Texas Transportation Code.").