IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

F I L E D

December 7, 2007

Charles R. Fulbruge III
Clerk

No. 07-60051
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ERNEST CHARLES DENT,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 2:05-CR-19-ALL

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge.[*]

Charles Dent was convicted of being a felon in possession of a firearm after a one-day jury trial. Before trial, he moved to suppress the firearm and other evidence found at the scene. The district court denied the motion. Dent appeals

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that decision and the admission of evidence regarding fingerprints on the firearm. Finding no error, we affirm.

I.

Dent, a convicted felon, was a passenger in his friend Twilly Curry's car when Officer Mark Mitchell pulled the car over for making an illegal turn. Mitchell testified that as he approached the vehicle, he noticed Dent trying to hide something in the back seat. He therefore asked the two to step out of the car to perform a protective pat-down, which did not uncover anything.

Mitchell, according to his usual practice, asked Curry whether he could search the vehicle. Curry consented out of Dent's hearing. A search of the car uncovered a loaded .357 handgun wrapped in cloth inside a purse belonging to Dent's wife. Mitchell called for assistance, and Detective Mark Nobles arrived. While Nobles spoke to Curry, Mitchell read Dent his Miranda rights. Although Mitchell does not recall Dent's admitting ownership of the gun, Nobles testified to Dent's on-scene confession.

Dent was transported to the police station, where Nobles obtained a three-page statement from him. The statement was usual practice for the police department and consisted of a computer-generated form with a series of questions to be asked by the officer and typed responses. One of the questions was "DO YOU WANT TO CALL A LAWYER?" Nobles entered "YES." Nobles testified at trial this was a typographical error, and he should have entered "NO." The next question was "DO YOU KNOW THAT YOU DO NOT HAVE TO MAKE ANY STATEMENT TO US AND THAT ANYTHING YOU SAY MAY BE USED AGAINST YOU?" Dent answered "YES." The questions continued, and Dent agreed to make a statement even though he was informed that he was not obliged to do so. Dent's statement was "I had the gun in my wife's purse and had taken it with me. The gun was mine."

Based on his confession, Dent was indicted and tried. Before trial, he moved to suppress evidence of the handgun, which the court denied. The jury found him guilty.

## II.

Dent appeals the denial of his motion to suppress the gun. "When reviewing a district court's ruling on a motion to suppress, this court reviews questions of law de novo and factual findings for clear error. We view the evidence in the light most favorable to the party who prevailed in the district court." United States v. Barrera, 464 F.3d 496, 498 (5th Cir. 2006) (citations omitted), cert. denied, 127 S. Ct. 2247 (2007).

## A.

Routine traffic stops are analyzed under Terry v. Ohio, 392 U.S. 1 (1968). United States v. Zucco, 71 F.3d 188, 190 (5th Cir. 1995). "Under this analysis we must determine the reasonableness of the search or seizure by asking 'whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place.'" Id. (quoting Terry, 392 U.S. at 19).

Dent argues that Mitchell did not have probable cause to make the traffic stop. Mitchell stopped Curry's car pursuant to a Mississippi law that provides that "[n]o person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then only . . . after giving an appropriate signal . . . in the event any other vehicle may be affected by such movement." MISS. CODE ANN. § 63-3-707.

Dent does not claim Curry used his left turn signal when making the turn; rather, he alleges the turn signal is required only when another vehicle could be affected by the turn. Because Mitchell testified at the hearing that the failure

to use the turn signal did not affect him and that he could not recall whether others were at the intersection such that they could be affected, Dent argues that the left turn signal was not required.

Dent misreads the statute and mischaracterizes the officer's testimony. First, the statute requires only that another vehicle "may be affected" by the turn. Second, Mitchell testified that although the turn may not have affected him, it might have affected others, because it occurred at a busy intersection. Dent does not deny that description of the intersection; instead, he asks us to determine that Curry's turn did not affect anyone. The statute does not require such a finding, and the traffic stop, pursuant to a perceived violation of Mississippi law, was valid. See Zucco, 71 F.3d at 190.

## B.

Dent argues that Mitchell did not have reasonable suspicion to search the car. As a passenger, Dent has no standing to challenge the search of the contents. United States v. Roberson, 6 F.3d 1088, 1093 (5th Cir. 1993).

## C.

Dent claims his written confession is legally defective because he was denied his Fifth Amendment right to counsel. In his motion to suppress, however, he argued that the written statement should be suppressed because it was obtained in violation of the Sixth Amendment. The district court found that Dent's Sixth Amendment rights had not been violated. Dent does not raise the Sixth Amendment argument on appeal; rather, he challenges the confession on Fifth Amendment grounds. The Fifth Amendment argument is waived. FED. R. CRIM. P. 12(e); United States v. Chavez-Valencia, 116 F.3d 127, 129 (5th Cir. 1997) (stating that "the failure to raise a suppression issue at trial forecloses a defendant from raising the issue for the first time on appeal").

D.

Dent claims he did not confess at the scene of the traffic stop. The district court held that this was a question of fact, because although Dent allegedly made the confession to Mitchell, the latter could not recall it. In fact, Mitchell testified that he asked Dent no questions about the gun's ownership. The government relies on Nobles's testimony that he overheard Dent confess to Mitchell. The government's argument is unpersuasive. Nevertheless, as Dent admits, his claim is not dispositive. He brings this argument primarily to use in the event we find his written confession defective, which we do not.

III.

Dent urges that the district court erred in allowing evidence of fingerprint analysis performed on the handgun. We review evidentiary issues under an abuse of discretion standard. United States v. Yi, 460 F.3d 623, 634 (5th Cir. 2006). Even where a district court has abused its discretion, we reverse only if the defendant is prejudiced. Id. If a party does not properly object to the admission of evidence, we review for plain error. United States v. Holmes, 406 F.3d 337, 347 (5th Cir. 2005).

At trial, Nobles and Joe Frank, a Special Agent with the Bureau of Alcohol, Tobacco and Firearms, testified that no fingerprints were found on the handgun. Dent's counsel objected that this was hearsay because neither had performed the fingerprint analysis. On appeal, Dent maintains that objection and further alleges that the admission of that evidence violates his Sixth Amendment confrontation rights.

The problem with Dent's claims is that his lawyer invited the questioning. During the cross-examination of Mitchell, Dent's attorney, showing the officer the handgun, asked what the results of the fingerprint analysis were. Mitchell testified that he did not know. It was only later, when Nobles and Frank were

on direct examination, that Dent's counsel objected to the evidence.

The parties dispute the effectiveness of the objection. Assuming arguendo that the objection was effective, any error in admitting the testimony was harmless. If anything, by testifying that Dent's fingerprints were not on the handgun, Nobles and Frank helped Dent's case.

AFFIRMED.