# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 19, 2010

Lyle W. Cayce
Clerk

No. 10-40055
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JOB ORTUNO-GARCIA,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-765-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Job Ortuno-Garcia was convicted after pleading guilty to conspiracy to transport an alien within the country, placing the life of another in jeopardy. Ortuno-Garcia argued that he should receive a four-level reduction to his offense level because he was a minimal participant in the conspiracy, serving merely as a lookout on one occasion. The district court denied Ortuno-Garcia's request for a minimal role reduction but granted him a two-level reduction for his minor role in the offense. Ortuno-Garcia argues that the district court clearly erred and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he was entitled to a minimal role reduction because he was plainly among the least culpable involved in the conspiracy and had no knowledge of the scope of the conspiracy or the actions of other participants therein. The district court's denial of a reduction for a mitigating role is a factual determination that is reviewed for clear error. *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).

U.S.S.G. § 3B1.2 provides for a four-level reduction in a defendant's offense level if the defendant was a "minimal" participant in a concerted criminal activity and a two-level reduction in his offense level if he was a "minor" participant. U.S.S.G. § 3B1.2. A minimal participant adjustment is appropriate for a defendant who is "plainly among the least culpable of those involved in the conduct of a group," and a minor participant adjustment is appropriate for a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. nn.4-5. The Sentencing Commission intends for district courts to award the minimal participant adjustment infrequently. *Id.* at n.4; *Rosier v. United States Parole Comm'n*, 109 F.3d 212, 214 (5th Cir. 1997).

Although Ortuno-Garcia acted as a lookout for the alien smuggling operation, we cannot say that the district court clearly erred when it found that his role was minor rather than minimal. *See Villanueva*, 408 F.3d at 203-04. It is plausible in light of the record as a whole that Ortuno-Garcia's actions as a paid lookout were less culpable than most other participants in the conspiracy but were not so peripheral to the advancement of the goals of the conspiracy to qualify him for the minimal role adjustment. The judgment of the district court is AFFIRMED.