**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 92-2490

Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RALPH EDWARD ESTES,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(CR H 314 01)

March 12, 1993

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

## BACKGROUND

Ralph Edward Estes was convicted of being a felon in possession of a firearm and was sentenced to 180 months' imprisonment and three years' supervised release, The Government's

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

chief witness was Deputy Douglas Yeager, who testified that he stopped Estes for a traffic violation and discovered the firearm in his possession. Prior to trial, the Government filed a motion in limine to exclude evidence of Deputy Yeager's prior state misdemeanor conviction for impersonating a public official. The conviction was approximately 12 years old. The Government sought to prevent Estes from making any reference to this conviction to impeach Yeager. Estes argued that Federal Rule of Evidence 609(b) gave the district court the discretion to admit the evidence. He argued that Yeager's conviction was extremely probative of his credibility and that its admission was necessary.

The district court's ruling on this issue is not part of the record. Estes contends that the district court ruled on the Government's motion in limine at the same hearing at which it considered his motion to suppress certain other evidence. Estes has filed a motion to supplement the record with the transcript of the proceedings at that hearing on March 17, 1992. The district court's minute entry for March 17 indicates that it denied the motion to suppress, but it does not refer to a ruling on the motion in limine. The court entered an order denying the motion to suppress on March 30, again with no mention of the motion in limine. Defense counsel requested the transcript of the trial proceedings for March 17, but did not request the transcript of the hearing, which was evidently conducted on the morning of trial. Estes did not attempt to introduce Yeager's conviction on cross-examination.

**OPINION**

Estes argues that the district court erred in refusing to admit evidence of Yeager's prior conviction. He contends that the district court failed to perform the balancing test required by Fed. R. Evid. 609(b) and relied only on the age of the conviction as a basis for excluding the evidence. He contends that this conviction was probative of Yeager's credibility and was critical evidence because the evidence against him came exclusively from Yeager. He argues that the Government has failed to show any danger of prejudice from admission of this evidence. The Government argues that Estes waived review by failing to include a transcript of the court's ruling, that Estes' failure to attempt to offer evidence of Yeager's conviction at trial limits this Court's review to plain error, and that it was not plain error to exclude the evidence or to fail to conduct the balancing test on the record.

Fed. R. Evid. 609(a) allows a witness's credibility to be impeached by evidence of prior convictions punishable by death or imprisonment in excess of one year, provided the court determines that the probative value of the evidence outweighs its prejudicial effect. United States v. Turner, 960 F.2d 461, 465 (5th Cir. 1992). Fed. R. Evid. 609(b) provides that evidence of such convictions is not admissible if the conviction is more than ten years old, unless the court determines that the probative value of the conviction substantially outweighs its prejudicial effect. United States v. Cathey, 591 F.2d 268, 274-75 (5th Cir. 1979).

3

The district court has broad discretion in its application of this rule. Turner, 960 F.2d at 465; and when made, the weighing of probative value and prejudicial effect must be made on the record. Id. This Court has stated that this requirement is mandatory rather than discretionary. United States v. Acosta, 763 F.2d 671, 695 (5th Cir.), cert. denied, 474 U.S. 863 (1985).

We do not know exactly why the court granted the Government's motion in limine to exclude evidence of Yeager's conviction because it is not a part of the record. Estes asserts that the district court did not apply the required balancing test, which according to Acosta, would require a remand. The Government distinguishes Acosta based on the fact that Acosta involved the admission of a remote conviction to impeach the defendant, while this case involves the exclusion of a remote conviction and a third party witness.

We read Rule 609(b) to say that the probative value of a conviction over ten years old is outweighed by its prejudicial effect. The general rule is inadmissibility. Cathey, 591 F.2d at 275. It is only when the court admits evidence of a conviction over ten years old that the court must engage in a balancing test on the record.

The Government also argues that the plain error standard of review should apply because Estes did not attempt to offer evidence of the conviction at trial. To preserve the admission of evidence as error for appellate review, a defendant must make an objection at trial. Fed. R. Evid. 103(a)(1). A motion in limine does not

4

meet the requirement of Rule 103. <u>Wilson v. Waggener</u>, 837 F.2d 220, 222 (5th Cir. 1988). "A party whose motion in limine is overruled must renew his objection when the evidence is about to be introduced at trial." <u>Id</u>.; <u>see</u> <u>also</u> <u>Acosta</u>, 763 F.2d at 694 n.29. The facts of this case present the opposite situation: the Government's motion in limine was successful in excluding the evidence, and the court overruled the defendant's objection to the Government's motion in limine. However, we see no reason why the same rule should not apply. Estes should have attempted to offer evidence of the conviction at trial to preserve this issue for appeal.

Finally, we have serious doubt that the conviction was probably admissible anyway because it was not the type of conviction allowed to be used for impeachment under Fed. R. Evid. 609. The Government stated in its motion in limine that the conviction was a state misdemeanor for impersonating a public official. Estes has never disputed this assertion. Rule 609(a) provides that the conviction must be for a crime punishable by death or imprisonment in excess of one year. The crime of impersonating a public servant under Texas law is a Class A misdemeanor punishable by no more than one year. <u>See</u> Tex. Penal Code Ann. § 37.11 (West 1989) and § 12.21 (West Supp. 1993).

For the foregoing reasons, we affirm the district court's ruling on the motion in limine.