United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50686

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIC MONTIQUE COLE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas

--------------------

Before HIGGINBOTHAM, DAVIS and STEWART, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Defendant Demetric Cole appeals the denial of his motion to suppress drugs found in his vehicle following a traffic stop. Because we are unable to resolve the legality of the traffic stop without additional fact finding, we vacate the district court's order denying Cole's motion to suppress and remand for further proceedings.

I.

Cole was stopped for a traffic violation in Odessa, Texas at the  intersection of Tanglewood and Oakwood Streets. This intersection is governed by a stop sign. Officer Julian, the

arresting officer, was traveling South on Tanglewood, on the same street as Cole and directly behind Cole. After stopping Cole, Julian told Cole that he failed to stop at the designated white line at the stop sign. The officer gave no other reasons for stopping Cole's vehicle. Cole argued at the suppression hearing that he committed no traffic violation because he stopped before he reached the crosswalk at the intersection.

When Officer Julian approached the vehicle he smelled marijuana emanating from the car. While waiting to run Cole's arrest record, the officer asked Cole to exit the car and sit on the curb of the sidewalk. Cole refused to give permission to search the car and Officer Julian called a K-9 unit, which arrived in approximately 10 minutes. The canine officer also smelled marijuana emanating from the vehicle. The dog alerted to the driver's window. When the canine officer opened the driver's side door, the dog alerted to a bag under the driver's seat. The bag was found to contain approximately one kilogram of powder cocaine. Cole was arrested and charged with possession with intent to distribute 500 grams or more of cocaine.

Cole filed a motion to suppress the cocaine on the basis that the initial traffic stop was illegal. Following a hearing, the district court denied the motion to suppress. Cole entered a conditional guilty plea and preserved his right to appeal the

district court's ruling on the motion to suppress.  Cole now appeals the denial of that motion.

## II.

In this challenge to the district court's denial of his motion to suppress, Cole argues that the initial stop was invalid.  A police officer may stop a vehicle if he has probable cause to believe a traffic violation has occurred.  Whren v. United States, 517 U.S. 806, 810 (1996).  If an officer stops a vehicle for conduct by a motorist that does not in fact constitute a traffic violation, courts are leery of extending the good faith exception to the exclusionary rule to justify the stop. United States v. Lopez-Valdez, 178 F.3d 282, 289 (5th Cir. 1999).

Lopez-Valdez discusses the problem with extending the good-faith exception to the exclusionary rule to traffic stop situations.  The rule established by the Supreme Court in Whren allows officers to justify a stop by the occurrence of a traffic violation even though this is not the real reason for the stop. Whren, 517 U.S. 806 (1996).  Because of this allowance, if courts permitted officers to justify a stop based on their subjective belief that traffic laws have been violated, when no violation has in fact occurred, the potential for abuse of traffic stops as pretext for effecting stops for other purposes "seems boundless and the costs to privacy rights excessive." Lopez-Valdez, 178

F.3d at 289.  Thus, instead of allowing an officer to justify a traffic stop based on the officer's subjective belief that a violation occurred, courts require that the legal justification for a traffic stop be objectively grounded.  United States v. Miller, 146 F.3d 274, 279 (5th Cir. 1998). 146 F.3d at 279.

Our research reveals no case in this circuit which has relied on the good faith exception to justify a traffic stop when the police officer erroneously believed the conduct he observed was a traffic violation.  See Lopez-Valdez; United States v. Granado, 302 F.3d 421 (5th Cir. 2002); United States v. Miller, 146 F.3d 274 (5th Cir. 1998).  We decline to extend that exception to this case. Accordingly, the constitutionality of the officer's stop of Cole's vehicle must stand or fall based on whether Cole violated Texas law in the manner in which he stopped at the intersection.

### III.

Texas law dictates different stopping places at intersections governed by stop signs depending on whether the intersection has a crosswalk.  If there is a crosswalk, motorists must "stop before the crosswalk on the near side of the intersection.  In the absence of a cross walk, the operator shall stop at a clearly marked stop line."  Texas Transp. Code Ann. § 544.010(c)(Vernon 1999).

It was apparently unclear to the district court whether this intersection had a crosswalk. It is also unclear to us from the record. Officer Julian testified only that Cole failed to stop at the designated stopping line at the intersection. He stated that when Cole stopped, his front and rear tires were straddling the stop line with the line underneath the back door of the vehicle. A photograph of the intersection entered as an exhibit clearly shows a white stop line but we cannot determine whether a crosswalk was in place between the stop line and the corner of the intersection. The district court did not make a factual finding on whether the intersection had a crosswalk and if so whether Cole stopped past the near side of the crosswalk. Instead, the court relied on the good faith exception and concluded that Officer Julian in good faith believed that Cole's manner of stopping violated § 544.10(c).

The district court erred in applying the good faith exception to justify this traffic stop. See Lopez-Valdez. We must remand this case to the district court to make the necessary factual findings to determine whether Cole violated § 544.10(c). Specifically, the district court should determine whether the intersection had a crosswalk and, if so, whether Cole stopped his vehicle before reaching it. If the intersection has no crosswalk, the district court should find whether Cole stopped his vehicle before reaching the stop line. If Cole committed a

5

traffic violation, the stop is justified. If he did not violate § 544.10(c), the stop is not justified and the motion to suppress should be granted without regard to the officer's subjective good faith.

## IV.

For the foregoing reasons, we vacate the order of the district court denying Cole's motion to suppress and remand this case to the district court for further proceedings.

VACATED. REMANDED.