UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 31, 2008

Charles R. Fulbruge III
Clerk

No. 06-41470

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LAVELLE LUNDRE JOHNSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas,
Laredo Division.
USDC No. 5:06-CR-00107-1

Before REAVLEY, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

A jury convicted Appellant Lavelle Lundre Johnson of unlawfully transporting aliens. On appeal, Appellant claims that the Government suppressed favorable evidence and that the district court violated his Sixth Amendment right to cross-examination. We AFFIRM.

I. Factual and Procedural History

On December 30, 2005, United States Border Patrol agents arrested Appellant and his father, Joseph Johnson, upon discovering ten illegal aliens in

---

[*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this order should not be published and is not precedent except under the limited circumstances set forth in Rule 47.5.4.

the sleeper compartment of Appellant's tractor-trailer. Three of the aliens remained in the United States as participants in the Material Witness Program of the Laredo Division of the Southern District of Texas, which includes a temporary work-release program.

The Johnsons were charged under a three-count indictment with violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Joseph Johnson pleaded guilty but Appellant denied that he knew the aliens were present in his tractor. Appellant proceeded to trial. On the morning of trial, the Government filed a motion in limine seeking to preclude testimony about the work-release program. The district court orally ruled that the parties could not reference the program during opening statements and explained that the court would decide later whether testimony about the program could be introduced.

The Government chose not to call one of the three material witnesses, Cynthia Veronica Rojas-Lopez, to trial because she was pregnant and under a doctor's orders not to travel. The Government, therefore, dismissed count two of the indictment, which related to Rojas-Lopez. The jury found Appellant guilty on two counts of transporting aliens by means of a motor vehicle. Appellant was sentenced to eighteen (18) months of imprisonment.

## II. Discussion

### A. Alleged Brady Violations

Brady v. Maryland, 373 U.S. 83 (1963), requires the Government to disclose to criminal defendants favorable evidence material to guilt or punishment. United States v. Moore, 452 F.3d 382, 387 (5th Cir. 2006). To establish a due process violation under Brady, a defendant ordinarily must show that (1) evidence was suppressed; (2) the suppressed evidence was favorable to the defense; and (3) the suppressed evidence was material to either guilt or punishment. United States v. Runyan, 290 F.3d 223, 245 (5th Cir. 2002). "Brady claims involve 'the discovery, after trial[,] of information which had been known to the prosecution but unknown to the defense,'" and evidence disclosed

2

at trial does not constitute suppressed evidence. Lawrence v. Lensing, 42 F.3d 255, 257 (5th Cir. 1994) (quoting United States v. Agurs, 427 U.S. 97, 103 (1976)).

Appellant claims that the Government violated Brady by (I) filing a motion in limine concerning the material witness work-release program; and (ii) not presenting witness Rojas-Lopez at trial. The Government filed a motion in limine that sought to prevent testimony about the work-release program unless the defense first approached the bench for a ruling on the matter. A request that the trial court limit cross-examination about facts known to both parties is clearly not "suppression" of evidence unknown to the defense and therefore cannot constitute a Brady violation.

As to the other claim, Rojas-Lopez had been previously identified to Appellant as an alien material witness who had been transported by the Johnsons. Furthermore, when the Government announced that it would not bring Rojas-Lopez to the trial and would therefore dismiss the count that related to her, Appellant did not seek to subpoena Rojas-Lopez and did not request a continuance to either depose her or wait until she had recovered and could testify. Appellant knew Rojas-Lopez's identity prior to trial and could have secured her testimony by reasonable diligence. Again, no evidence unknown to the defense was "suppressed" by the Government.

Accordingly, neither of Appellant's claims constitutes suppression of evidence under Brady.

## B. Alleged Sixth Amendment Violation

Appellant also argues that participation in the work-release program was a benefit conferred on the material witnesses by the Government and that he should have been allowed to raise and explore on cross-examination this possible motivation for their cooperation with the Government and any effect on their testimony.

Before trial, the district court considered the Government's motion in limine and orally ruled that the parties could not reference the work-release program during opening statements. The judge stated, however, that he wanted to look at the issue further. At trial, defense counsel cross-examined the two material witnesses about their inconsistent statements but did not seek a ruling allowing him to cross-examine them about the work-release program. Consequently, the district court did not receive an opportunity to rule on the scope of the cross-examination.

When a motion in limine to exclude evidence is granted, the party seeking to introduce the evidence must attempt to offer the evidence at trial to preserve the issue for appeal. United States v. Estes, 994 F.2d 147, 149 (5th Cir. 1993); United States v. Jimenez, 256 F.3d 330, 342 (5th Cir. 2001) ("Objecting to an in limine order excluding testimony or evidence does not relieve a party from making an offer of proof."). Appellant failed to preserve a Sixth Amendment claim for review.

AFFIRMED.