IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-40464
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OLIVER DAVIS

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CR-115

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Oliver Davis appeals his conviction for possession with intent to distribute cocaine base ("crack cocaine"), contending that the district court erred by granting an uncontested government motion in limine and by denying his motion to suppress evidence obtained after a traffic stop and resulting vehicle search. Finding no error, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Davis was encountered by the Plano Police Department after an informant arranged for an undercover purchase of narcotics. On May 3, 2007, that informant made telephone contact with an individual known to him as "OB" to arrange the purchase of crack cocaine in Plano, Texas. The informant provided a physical description of "OB" and described Davis's vehicle.[1] Detective Stephen Boyd finalized the telephone negotiation for three ounces of crack cocaine to be delivered that night to a Denny's Restaurant in Plano. Because of a power outage at the Denny's, Detective Boyd changed the meeting location to a nearby gas station. "OB" told Detective Boyd that he would be driving a friend's vehicle. At the predetermined time, Boyd observed a brown Cadillac at the gas pumps and saw Davis get out of the driver's seat while on a cell phone. The informant identified Davis's vehicle. As Davis was seen using the phone, Boyd's phone rang, and the caller identification displayed the number that had been used by "OB" during the earlier phone negotiation.

After the officers identified Davis's car, Davis moved to the passenger seat of the vehicle and left the gas station. Other Plano officers, including Officer Ben Thurmond, followed in a marked police car in order to make a traffic stop. Thurmond claimed that the driver, later identified as Veronica Mitcham, committed two infractions: failure to stop at a clearly marked stop line at a red traffic light, and failure to maintain a single lane of traffic. Mitcham conceded that she might have "straddled the line" while driving, but could not remember for how long. Davis claimed that the traffic lights were not working because of a power outage; however, three police officers and Mitcham stated that the lights were functioning.

---

[1] Prior to trial, the government filed a motion in limine to bar reference to the informant's juvenile criminal record. Davis's counsel did not oppose the motion. At trial, Davis was permitted to fully cross-examine the informant regarding his adult convictions, and the jury heard extensive testimony about the informant's prior adult convictions, arrests, drug use, and drug sales. Davis never requested leave to raise the informant's juvenile convictions, nor did he proffer the information he would have elicited if permitted to do so.

Officer Thurmond conducted a traffic stop, and approached the driver's side of the vehicle, where he encountered Mitcham, who did not have a driver's license. Thurmond claims he smelled a strong odor of burnt marijuana from the vehicle. Thurmond testified that Davis later admitted that he had smoked marijuana earlier in the day, and he was rolling a marijuana cigarette when the traffic stop occurred. Thurmond also testified that both Davis and Mitcham gave consent to search the car. Thurmond conducted an initial search of the car, and found a marijuana blunt on top of the passenger side visor, a small baggie of marijuana tucked under the dash, and another baggie of marijuana on Mitcham's person. Before being transported to jail, Mitcham admitted that there was crack cocaine concealed in the seat cushion of the car.

Due to poor lighting conditions, the fact that there was no shoulder on the road, and the arrests of Mitcham and Davis, the officers transported the Cadillac to the Plano Police Department to continue their search. Pursuant to that search, the officers found approximately 79.83 grams of crack cocaine, black digital scales, and small baggies consistent with the distribution of crack cocaine.

Davis filed a motion to suppress the evidence seized during the vehicle search, claiming that: (1) the traffic stop was not supported by probable cause;[2] (2) the scope of Officer Thurmond's investigation was improper; and (3) the warrantless search of the vehicle was not supported by probable cause and did not constitute a search incident to arrest, inventory search, or consent search. Davis's motion to suppress was considered in a number of stages. The magistrate court initially heard the testimony of four witnesses and determined

---

[2] Davis claims that the driver did not commit the traffic violations, because (1) the relevant "stop line" is faded, so it would have been impossible for Officer Thurmond to have seen where Mitcham stopped the vehicle; (2) under Texas law, the state of the stop line compelled Mitcham to stop "at the place nearest the intersecting roadway where the operator has a view of approaching traffic on the intersecting roadway" rather than the faded line; and (3) failure to maintain a single lane is not alone a traffic violation under Texas law.

that suppression should be denied. The court found that probable cause existed for the traffic stop because of two traffic violations, and was also proper as an investigatory stop; that both Mitcham and Davis gave consent to search the vehicle; that the vehicle was taken to the Plano Police Department because of weather, the time of day, and for safety reasons; and that Mitcham admitted that there was crack cocaine in the vehicle.

Davis later requested to reopen the suppression hearing in order to testify about the circumstances of the traffic stop. The magistrate judge considered his testimony, reiterated his belief that suppression was not called for, and recommended by written report that the district court deny Davis's motion. The magistrate court again concluded that probable cause existed for the traffic stop due to the two traffic violations. The court found that the scope of the stop was reasonable, noting that Officer Thurmond testified that he smelled a strong odor of marijuana and that Davis claimed ownership of the marijuana blunt and baggie, and admitted to smoking marijuana earlier in the evening. The court further held that Mitcham and Davis freely and voluntarily gave verbal consent to search the vehicle, and that the actual search was justified in scope. The district court adopted the findings and conclusions of the magistrate judge, and denied the motion to suppress.

During trial, the district court reopened the suppression hearing, considering additional testimony regarding the propriety of the traffic stop conducted by the Plano Police Department. The district court credited the testimony of the officers, concluding that there was probable cause for the stop due to the two traffic violations and the information regarding drug trafficking that had been gathered by the officers. The court found that there was an odor of marijuana in the car, which provided probable cause for the vehicle search. Finally, the district court determined that Davis and Mitcham consented to the search of the car.

On appeal, Davis challenges the district court's denial of his motion to suppress, and claims that the court's grant of an uncontested motion in limine to exclude reference to the informant's juvenile arrests was plainly erroneous.

The district court's grant of the government's motion in limine is reviewed for plain error, because Davis did not challenge the motion nor raise an objection during trial. United States v. Graves, 5 F.3d 1546, 1552 (5th Cir. 1993); United States v. Estes, 994 F.2d 147, 149 (5th Cir. 1993). "Unless the error is 'so obvious that our failure to notice it would seriously affect the fairness, integrity, or reputation of judicial proceedings and result in a miscarriage of justice', we will not reverse the conviction." Graves, 5 F.3d at 1552-53 (citations omitted).

Davis contends that the district court plainly erred by granting the government's motion in limine, despite his counsel's agreement that Federal Rule of Evidence 609 would preclude admission of any evidence of the informant's juvenile conduct and subsequent failure to alert the district court that he wished to raise the conduct in cross-examination.[3] Davis was given wide latitude to cross-examine the informant on his adult arrests, convictions, and other bad acts that might impeach his character for truthfulness, so evidence of juvenile wrongdoing would be cumulative. See United States v. Ashley, 569 F.2d 975, 979 (5th Cir. 1978) ("To whatever degree human nature allows a jury to infer lack of veracity from proof of criminal conduct, we think that point was reached in the instant case and the impeachment gave the jury adequate information regarding the nature of the witness . . ."). Given the plain language of Rule 609, the cumulative nature of any testimony to be elicited, and Davis's

---

[3] A defendant is generally not permitted to complain on appeal of an evidentiary error that he invited or induced in the district court. United States v. Solis, 299 F.3d 420, 452 (5th Cir. 2002). Here, Davis responded to the government's motion by stating, "Your honor, I agree with that. As far as the motion in limine is concerned, I'll approach. Juvenile conduct is generally inadmissible, and I'll approach if something – if I believe something becomes admissible. I'm not going to ask him any . . ."

thorough impeachment of the informant at trial, the district court's grant of the government's motion in limine does not constitute plain error.

"In considering a ruling on a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions, including its ultimate conclusion as to the constitutionality of the law enforcement action, de novo." United States v. Chavez, 281 F.3d 479, 483 (5th Cir. 2002). The district court's findings of fact need only be "plausible in light of the record as a whole." United States v. Jacquinot, 258 F.3d 423, 427 (5th Cir. 2001). "Where a district court's denial of a suppression motion is based on live oral testimony, the clearly erroneous standard is particularly strong because the judge had the opportunity to observe the demeanor of the witnesses." United States v. Santiago, 410 F.3d 193, 197 (5th Cir. 2005). Further, the evidence presented at the suppression hearing must be viewed "in the light most favorable to the prevailing party, which in this case is the government." United States v. Stevens, 487 F.3d 232, 238 (5th Cir.), cert. denied, 128 S. Ct. 336 (2007).

"A police officer may stop a vehicle if he has probable cause to believe a traffic violation has occurred." United States v. Cole, 444 F.3d 688, 689 (5th Cir. 2006) (citing Whren v. United States, 517 U.S. 806, 810 (1996)). "The rule established by the Supreme Court in Whren allows officers to justify a stop by the occurrence of a traffic violation even though this is not the real reason for the stop." Id. Here, the district court considered the testimony of Officer Thurmond and Veronica Mitcham, credited Thurmond's testimony, and concluded that Mitcham had committed two traffic violations under Texas law.

Davis claims that there was no probable cause for the traffic stop, because (1) it was impossible for Thurmond to have observed Mitcham failing to stop behind the stop line from his vantage point behind the car; and (2) the faded nature of the stop line compelled that she only stop "at the place nearest the intersecting roadway where the operator has a view of approaching traffic on the

intersecting roadway." TEX. TRANSP. CODE ANN. § 544.010 (Vernon 1995) (traffic law applicable in the absence of a functioning stop light); see also TEX. TRANSP. CODE ANN. § 544.007 (Vernon 1995) ("An operator of a vehicle facing only a steady red signal shall stop at a clearly marked stop line. In the absence of a stop line, the operator shall stop before entering the crosswalk on the near side of the intersection.")

However, Thurmond testified that the rear wheels of the vehicle were over the solid white line, and the exhibits admitted during the suppression hearing show a distinct, though partially faded, stop line that could have been visible to both the driver and to the police officer following behind. Whatever the state of the stop line, Thurmond described the commission of what was at least "arguably" a violation of the state statute. See Zucco, 71 F.3d at 190 (finding probable cause where driver was "arguably in violation" of Texas traffic law). The district court was permitted to – and did – credit that testimony.

In addition, Officer Thurmond testified that Mitcham traveled over 1,000 feet while straddling the lane markings. Although Davis correctly notes that switching lanes is not prohibited under Texas law, the conduct described by Thurmond, and at least partially admitted by Mitcham, arguably constitutes a violation of the Texas Transportation Code. See id.; TEX. TRANSP. CODE ANN. § 545.060 (Vernon 1995) ("An operator on a roadway divided into two or more clearly marked lanes for traffic . . . (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely."). Again, the district court found as a matter of fact that Mitcham had committed these infractions. The conclusion that Mitcham had committed two traffic violations was certainly plausible in light of the record as

a whole, and is not clearly erroneous. Accordingly, the initial traffic stop was proper under Terry v. Ohio, 392 U.S. 1 (1968).[4]

In addition, the length of the traffic stop and resulting arrest of Davis were appropriate. We have long held that the odor of marijuana alone may constitute probable cause to search a vehicle and extend an individual's detention. United States v. Ibarra-Sanchez, 199 F.3d 753, 760 (5th Cir. 1999). Here, the district court concluded that there was an odor of marijuana emanating from Davis's vehicle, providing probable cause to search the vehicle for marijuana and continue the traffic stop. The discovery of marijuana, admission of Davis that he had smoked marijuana earlier in the evening, and his claimed ownership of the marijuana blunt and bag of marijuana provided probable cause for Davis's arrest.

The district court found that Mitcham and Davis freely and voluntarily gave consent to search the vehicle. A search pursuant to consent is a well-settled exception to the Fourth Amendment's warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). "Voluntariness is a finding of fact which we will reverse only if found clearly erroneous. The appellate review standard is more deferentially applied when the evidence includes critical credibility assessments." United States v. Zucco, 71 F.3d 188, 191 (5th Cir. 1995). Here, the district court concluded that Mitcham and Davis's consent to search was voluntary, and this finding of fact is not clearly erroneous given the evidence before the district court. See United States v. Sutton, 850 F.2d 1083, 1085-86 (5th Cir. 1988).

---

[4] The stop was also justified as a stop related to the officers' crack cocaine investigation; however, we do not need to consider that issue, since the stop was warranted by Mitcham's traffic violations. See United States v. Causey, 834 F.2d 1179, 1184 (5th Cir. 1987) (en banc) ("so long as police do no more than they are objectively authorized and legally permitted to do, their motives in doing so are irrelevant and hence not subject to inquiry.")

In addition, "[t]he automobile exception permits the authorities to search a vehicle at the police station without a warrant provided the search is supported by probable cause." Zucco, 71 F.3d at 191. "The scope of a warrantless search based on probable cause is no narrower – and no broader – than the scope of a search authorized by a warrant supported by probable cause." United States v. Ross, 456 U.S. 798, 823 (1982). Therefore, "every part of a vehicle which may conceal the object of the search may be searched." Zucco, 71 F.3d at 191-92. Here, the search of the vehicle was justified by probable cause. First, the district court, crediting Officer Thurmond's testimony, concluded that Mitcham "readily admitted" that there was crack cocaine in the vehicle. Combined with the prior information the officers had received about Davis's transportation of a cookie of crack cocaine, the narcotics deal brokered by telephone, and the identification of Davis's vehicle by the informant, sufficient probable cause existed for a search of the entire vehicle. Accordingly, the warrantless search of the vehicle was supported by probable cause, and the district court's denial of Davis's motion to suppress was not erroneous.

We therefore AFFIRM Davis's conviction.