# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 22, 2010

Lyle W. Cayce
Clerk

No. 10-30123
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN L. WILKERSON,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CR-00005-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Brian L. Wilkerson entered a conditional guilty plea to possession with intent to distribute ecstacy and possession of a firearm during and in relation to a drug trafficking crime.  Wilkerson filed a motion to suppress the evidence, arguing that the initial traffic stop for crossing the fog line was not justified. The district court denied the motion without issuing written findings of fact. Wilkerson reserved the right to appeal the denial of that motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews findings made by a district court on a motion to suppress for clear error and the district court's ultimate conclusions on Fourth Amendment issues de novo. *United States v. Charles,* 469 F.3d 402, 405 (5th Cir. 2006). The court views the evidence in the light most favorable to the prevailing party, in this case, the Government. *Id.* "If this review leads us to the 'definite and firm conviction that a mistake has been committed[,]' then the district court's factual finding must be deemed clearly erroneous." *United States v. Lopez-Moreno*, 420 F.3d 420, 429-30 (5th Cir. 2005) (quoting *Payne v. United States*, 289 F.3d 377, 381 (5th Cir. 2002)).

The legality of police investigatory stops is tested in two parts. *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc). First, the court examines whether the officer's action was justified at its inception, and then inquires whether the officer's subsequent actions were reasonably related in scope to the circumstances that justified the stop. *Terry v. Ohio*, 392 U.S. 1, 19–20 (1968); *Brigham*, 382 F.3d at 506.

Wilkerson argues that the initial stop was invalid because it was based on Deputy Green's subjective belief that Wilkerson crossed the fog line. He also argues that the deputies lacked probable cause to stop his vehicle. Wilkerson argues that the district court erred when it failed to make findings of fact on the validity of the traffic stop when it denied his motion to suppress. Wilkerson cites *United States v. Cole*, 444 F.3d 688 (5th Cir. 2006), and *United States v. Lopez-Valdez*, 178 F.3d 282 (5th Cir. 1999), to argue that his case should be remanded to the district court for it make fact findings on whether Wilkerson crossed the fog line in violation of La. R.S. 32:79.

A police officer may stop a vehicle if he has probable cause to believe a traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 810 (1996); *Cole*, 444 F.3d at 689. If an officer stops a vehicle for conduct by a motorist that does not in fact constitute a traffic violation, courts are leery of extending the good faith exception to the exclusionary rule to justify the stop. *Cole*, 444 F.3d

2

at 689 (citing *Lopez-Valdez*, 178 F.3d at 289). In *Cole*, this court stated that it was unclear from the record whether there was a crosswalk, which would have made clear that the defendant had objectively committed a traffic violation, and remanded the case to the district court for fact findings. *Id.* at 690.

Unlike the traffic law at issue in *Cole*, the traffic law in this case is not ambiguous or contingent on another factor, such as the presence of a crosswalk. Louisiana Revised Statute 32:79 provides: "A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." Deputy Green testified that he observed Wilkerson drive outside his lane of travel and cross over the fog line and that when he told Wilkerson why he had been stopped, Wilkerson responded that he dropped his cell phone. Wilkerson did not rebut this testimony.

That the district court did not make fact findings does not preclude resolution by this court of the issue whether the traffic stop was valid. *See United States v. Silva,* 957 F.2d 157, 158-59 (5th Cir. 1992); *see also United States v. Scroggins*, 599 F.3d 433, 440 (5th Cir.), *cert. denied*, 131 S. Ct. 158 (2010). A reasonable review of the evidence in the light most favorable to the Government indicates that Deputy Green's action in stopping Wilkerson was justified at its inception because Wilkerson violated La. R.S. 32:79. *See Charles,* 469 F.3d at 405.

Because the traffic stop was objectively valid, the good faith exception is not implicated, and the issue becomes whether Deputy Green's actions subsequent to the stop were reasonably related in scope to the circumstances that justified the stop. *See Brigham*, 382 F.3d 506. Furthermore, because the initial stop was valid, Wilkerson's argument that the deputies lacked probable cause to stop him is unavailing. *See Cole*, 444 F.3d at 689.

Wilkerson argues that, assuming for the sake of argument that the initial stop was valid, his continued detention beyond the original reason for the stop

No. 10-30123

was prolonged in order for the officers to develop suspicion. For a traffic stop to be legal for Fourth Amendment purposes, an officer's subsequent actions must be reasonably related in scope to the circumstances that caused him to stop the vehicle. *Brigham*, 382 F.3d at 507-08. As part of a traffic stop, an officer can request a driver's license and run a computer check. *Brigham*, 382 F.3d at 508 (citing *United States v. Dortch*, 199 F.3d 193, 198 (5th Cir. 1999), *opinion corrected on other grounds on denial of reh'g*, 203 F.3d 883 (5th Cir. 2000), and *United States v. Shabazz*, 993 F.2d 431, 437 (5th Cir. 1993)). However, when the purpose of the stop is resolved and the officer's initial suspicions are verified or dispelled, "the detention must end unless there is additional reasonable suspicion supported by articulable facts." *United States v. Gonzalez*, 328 F.3d 755, 758 (5th Cir. 2003).

Wilkerson's ankle slapping, shifty eyes, shaky hands, and trembling body provide articulable facts by which Deputy Green could reasonably suspect that a crime had been committed. *See Brigham*, 382 F.3d at 508. Thus, a reasonable review of the evidence, in the light most favorable to the Government, indicates that the deputies' actions subsequent to the initial stop were reasonably related in scope to the circumstances that justified the stop. *See Scroggins*, 599 F.3d at 440.

Wilkerson also argues that Deputy Green lacked probable cause to search his vehicle because the canine alert was not credible. Once a dog alerts to the exterior of a vehicle, officers have probable cause to search it. *United States v. Williams*, 365 F.3d 399, 406 (5th Cir. 2004); *Dortch*, 199 F.3d at 197. Where the evidence indicates that a drug dog has been properly trained and certified, this court has found the record to support the district court's finding that the dog's alert was reliable and established probable cause for a search of the vehicle. *United States v. Sanchez-Pena*, 336 F.3d 431, 444 (5th Cir.2003; *see also United States v. Clayton*, 374 F. App'x 497, 499 (5th Cir. 2010).

The suppression hearing testimony established that Jackson was properly trained and certified, and there was no evidence that Deputy Green encouraged the canine to alert.  Wilkerson also adduced no testimony establishing that Deputy Green had retrained Jackson to obey new commands, verbal or otherwise.  A reasonable review of the evidence, in the light most favorable to the Government, indicates that Jackson's alert was reliable and established probable cause for Deputy Green to search the vehicle.  *See Scroggins*, 599 F.3d at 440.

AFFIRMED.